UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAREN HUYCK,     3:18-cv-400-JR

                              Plaintiff,

                              ORDER

         v.

SHERRIE SCHILLING-DEVANEY, an
individual; and SHERRIE'S JEWELRY BOX
INC., an Oregon corporation,

                              Defendants.

RUSSO, Magistrate Judge:

       Plaintiff brings this action to recover unpaid wages allegedly owed by defendant Sherrie's Jewelry Box, Inc. pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207; and Or. Rev. Stat. §§ 653.025, 653.261, 652.120, and 652.610. In response to the complaint, defendants assert plaintiff was an independent contractor, and not an employee of Sherrie's Jewelry Box Inc. or Sherrie Schilling-Devaney. Plaintiff moves for partial summary judgment on the issue of whether plaintiff was an employee or an independent contractor.

Page 1 - ORDER

On February 13, 2018, the Oregon Office of Administrative Hearing for the Employment Department issued a final order in case number 2017-UI-75070, ruling that plaintiff was an employee and not independent contractor of defendant Sherrie's Jewelry Box, Inc. Plaintiff asserts that final order is preclusive as to the issue presented here. In the alternative, plaintiff asserts even if the Employment Department's final order itself is not preclusive, its findings of fact are binding and require partial summary judgment in her favor.

Title 28 U.S.C. § 1738 directs federal courts to apply the same standards for claim and issue preclusion as an Oregon court would apply. Or. Rev. Stat. § 657.273(1) expressly prohibits the use of "decisions, findings, conclusions, final orders and judgments" arising from unemployment proceedings "for the purpose of claim preclusion or issue preclusion in any other action or proceeding." Thus, the Oregon administrative proceeding described above would not have preclusive effect in Oregon and, therefore, cannot have preclusive effect in federal court.[1] Plaintiff's motion is based solely on the purportedly preclusive effect of the Employment Department proceedings; she does not otherwise demonstrate the absence of a triable issue of fact regarding whether she was an employee of defendants.[2] Accordingly, plaintiff's motion for partial summary judgment is denied.

---

[1] Plaintiff cites Nelson v. Emerald People's Util. Dist., 318 Or. 99, 101, 862 P.2d 1293, 1295 (1993) for the proposition that an unemployment compensation decision by the Employment Division should be given preclusive effect in a subsequent civil action. However, this decision predates the enactment of Or. Rev. Stat. § 657.273 in 1995.

[2] Defendant Sherrie Schilling-Devaney also provides a declaration disputing the factors related to the employee/independent contractor distinction. See Declaration of Sherrie Schilling-Devaney (doc. 19-1).

## CONCLUSION

Plaintiff's motion for partial summary judgment (doc. 17) is denied.

DATED this 4th day of February 2019.

_____
JOLIE A. RUSSO
United States Magistrate Judge