UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

KAREN HUYCK,

                Plaintiff,

v.

SHERRIE SCHILLING-DEVANEY, an individual; and SHERRIE'S JEWELRY BOX, INC., an Oregon Corporation,

                Defendants.

3:18-cv-400-JR

ORDER

Russo, Magistrate Judge:

      Plaintiff, Karen Huyck, brings this action to recover unpaid wages allegedly owed by defendants Sherrie's Jewelry Box, Inc. and Sherrie Schilling-Devaney pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206, 207, and Or. Rev. Stat. §§ 653.025, 653.261, 652.120, and 652.610. Defendants assert that neither defendant employed plaintiff, but instead she worked as an independent contractor. Plaintiff previously moved for summary judgment arguing she was not an independent contractor and asserting the Office of Administrative Hearing for the Employment Department issued an order finding that plaintiff was an employee and not an

independent contractor of defendant Sherrie's Jewelry Box, Inc. However, the order did not have preclusive effect on these proceedings and the Court denied summary judgment. Plaintiff again moves for summary judgment arguing she is, in fact, an employee; that defendant Sherrie Schilling-Devaney is plaintiff's statutory employer; plaintiff is entitled to FLSA minimum-wage and overtime claims; and plaintiff is entitled to Oregon unpaid-wage, minimum-wage, overtime, and wrongful deduction claims. Plaintiff also moves for summary judgment on defendants' affirmative defenses and counterclaim.

A careful review of the record demonstrates there are significant genuine issues of material fact in dispute, and that the parties rely primarily on their own assertions regarding the facts that are material to the legal analysis in this case. For the reasons stated below, the motion for summary judgment is denied.

A.     Independent Contractor Versus Employee

For purposes of both state and federal wage-and-hour claims, the analysis for determining whether an employment or independent contractor relationship exists is the same. Mathis v. Hous. Auth. of Umatilla Cty., 242 F. Supp. 2d 777, 783 (D. Or. 2002).

The FLSA defines an "employee" broadly as "any individual employed by an employer." 29 USC § 203(e)(1). Accordingly, "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 USC § 203(d). The FLSA defines "employ" as to "suffer or permit to work." 29 USC §§ 203(g). The terms "suffer or permit" are interpreted as "with the knowledge of the employer." Forrester v. Roth's IGA Foodliner, Inc., 646 F.2d 413, 414 (9th Cir.1981). The FLSA is to be construed expansively in favor of coverage to accomplish the goals of this remedial legislation. Tony & Susan Alamo Found. v. Secretary of Labor, 471 U.S. 290, 296–97 (1985).

A non-exhaustive list of factors to distinguish between an employee and an independent contractor include:

> 1) the degree of the alleged employer's right to control the manner in which the work is to be performed;
> 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
> 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers;
> 4) whether the service rendered requires a special skill;
> 5) the degree of permanence of the working relationship; and
> 6) whether the service rendered is an integral part of the alleged employer's business.
>
> The presence of any individual factor is not dispositive of whether an employee/employer relationship exists. Such a determination depends upon the circumstances of the whole activity.

Real v. Driscoll Strawberry Assocs., Inc., 603 F.2d 748, 754 (9th Cir. 1979) (internal cites and quotations omitted).[1]

Plaintiff relies on her own declaration to establish evidence that defendants employed her as a retail sales associate from 2014 until September 2017. See Plaintiff's Motion For Summary Judgment (doc. 28) at pp. 1-8. Declaration of Karen Huyck (doc. 29) at ¶¶ 5-16. Plaintiff cites other materials as purported support for her position: see Plaintiff's Motion For Summary Judgment (doc. 28) at p. 2 (quoting Defendant Schilling-Devaney's deposition at p. 51 (doc. 31 at p. 80) for the fact that Schilling-Devaney did not pay any payroll taxes for plaintiff); at p. 4 (citing Defendants' Response to Interrogatories (doc. 31 at p. 17) to show plaintiff managed defendant's online Etsy shop and marketing services, designed and opened an online store, took photos to post online, and occasionally acted as a sales representative in store); at p. 5 (noting Defendant

---

[1] The factors utilized under Oregon's right to control test include: (1) direct evidence of the right to, or exercise of, control; (2) the furnishing of tools and equipment; (3) the method of payment; and (4) the right to fire. Stamp v. Dep't of Consumer & Bus. Servs., 169 Or. App. 354, 357, 9 P.3d 729, 731 (2000). Another useful factor is whether the alleged employer maintains employment records. See Nash v. Res., Inc., 982 F. Supp. 1427, 1433 (D. Or. 1997).

Schilling-Devaney's deposition at p. 51 (doc. 31 at p. 80) for the fact defendants did not track plaintiff's hours); at p. 6 (citing Ex. 1 to Huyck Declaration which is a business card purportedly printed by Schilling-Devaney for Sherrie's Jewelry Box with plaintiff's name on it); at p. 6 (citing withholdings (doc. 31 at ex. 4) made on behalf of another employee purportedly to show that defendants gave up on their "scheme to portray other 'employees' as independent contractors" after plaintiff sent a demand letter).

Plaintiff's declaration could be read by a trier of fact to establish defendants controlled the manner of plaintiff's work, that plaintiff could not manage her affairs with defendants to make more money from her contract, plaintiff provided very little in the way of her own tools to complete the work, her services required no special skill, plaintiff's working relationship with defendants was permanent, and plaintiff performed work that was integral to defendants' business. However, plaintiff presents little to no evidence beyond her own declaration and defendants dispute much of what plaintiff declares.

Defendant Sherrie Schilling-Devaney submitted her own declaration in which she describes the working relationship with plaintiff differently. Defendants note that, at the outset, even plaintiff agreed that her relationship with defendants was that of an independent contractor. Declaration of Karen Huyck (doc. 29) at ¶ 5. Defendants also rely on plaintiff's deposition testimony that references the end of her working relationship with defendants: "[T]here was always an ongoing like humorous dialogue between me and my commitment to Sherrie's Jewelry Box because it was never like established." Deposition of Karen Huyck (doc. 33-1) at p. 72.[2]

---

[2] Plaintiff objects to much of defendants' evidentiary submissions including this deposition excerpt. Plaintiff asserts this deposition excerpt is inadmissible because it is not authenticated, however, plaintiff does not deny she made the statement. The failure to properly authenticate the deposition is easily cured and each party's understanding of the working relationship is better left to a trier of fact. Indeed, defendants object to certain portions of plaintiff's declaration as inadmissible, however, the Court declines to strike any materials at this stage of the proceeding. Any objections will be addressed via a pretrial motion in limine or during trial..

Defendant Schilling-Devaney declares that she hired plaintiff as a subcontractor to assist Sherrie's Jewelry Box with opening an online store based on plaintiff's assertions that she was a marketing specialist and did all of the marketing and managed the social media for her own gemstone business. Declaration of Sherrie Schilling-Devaney (doc. 34) at ¶ 16; See also id. at ¶ 17 (plaintiff presented herself as marketing expert). Schilling-Devaney states when plaintiff insisted on talking with and helping instore retail clients, she offered her a position and plaintiff "refused to make a commitment." Id. at ¶ 16. Schilling-Devaney also states plaintiff billed Sherrie's Jewelry Box for her services. Id. at 18. Indeed, Schilling-Devaney's statement could be accepted by a trier of fact as sufficient to establish plaintiff worked as an independent contractor. See id. at ¶¶ 18-22; see also Huyck Deposition (attachments randomly placed within doc. 33-1)[3] at pp. 39, 41, 42, 47, 80-81, 82 (plaintiff's own statements could be relied on to conclude plaintiff worked as an independent contractor).

The record before the court is insufficient to establish whether plaintiff was employed by defendants or acted as an independent contractor. The court therefore exercises its discretion in denying summary judgment because there is "reason to believe that the better course would be to proceed to a full trial." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986).

B.  Remaining Issues

Because it cannot be determined at this stage whether plaintiff worked as an independent contractor, the remaining issues are not ripe for determination. Moreover, a determination of defendants' affirmative defenses and counterclaim is premature.[4] Accordingly, plaintiff's motion for summary judgment is denied.

---

[3] The court reminds defense counsel of the requirement to direct the court to those portions of the record relied upon.
[4] To the extent plaintiff moves to strike certain affirmative defenses, the motion is denied without prejudice to be addressed in the pretrial order.

## CONCLUSION

Plaintiff's motion for summary judgment (doc.28) is denied.

DATED this 5th day of August, 2019.

                                                                  /s/ Jolie A. Russo
                                                                  JOLIE A. RUSSO
                                                                  United States Magistrate Judge